IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **REAL HASTA LA MUERTE, LLC** <br><br> *PLAINTIFF* <br><br> V. <br><br> **JOSE MANUEL BAEZA, ALEJANDRA VICTORIA DELGADO COLON, THE CONJUGAL PARTNERSHIP OF BAEZA AND DELGADO-COLON, JOHN DOE, JANE DOE, XYZ INSURERS, XYZ BASKETBALL LEAGUE, ET AL.** <br><br> *DEFENDANT* | CIVIL NO. <br><br> BREACH OF CONTRACT, COLLECTION OF MONEY, CONTRACTUAL DAMAGES, UNJUST ENRICHMENT <br><br> *PLAINTIFF DEMANDS TRIAL BY JURY* |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiff **REAL HASTA LA MUERTE, LLC** (hereinafter "**PLAINTIFF**"), by and through his undersigned counsel, alleges the claims set forth in this complaint. **PLAINTIFF'S** claims are based on the personal knowledge of its sole Member and its current Chief-Executive-Officer, Jose Gazmey. All other allegations are based upon information and belief. Verification of these facts is enclosed by a declaration made under penalty of perjury by **PLAINTIFF** which is attached hereto as *Exhibit 1*.

**I. JURISDICTION AND PROPER VENUE**

1. This action arises pursuant to Articles 1054 and 1230 of the Puerto Rico Civil Code on breach of contract, 31 L.P.R.A. §§ 3451 and 3018. This Honorable Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1332, where all the parties

on either part of the controversy are of diverse citizenship, and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. The Court has personal jurisdiction over all other related claims herein in accordance with 28 U.S.C. §1338 (b).

3. The Venue is proper in this district under 28 U.S.C. §1391 and §1400 because the **DEFENDANT(S)** conducts business in Puerto Rico and interstate commerce, and the claims alleged in the Complaint arose in this judicial district.

## II. THE PARTIES

4. The Plaintiff, Real Hasta La Muerte, LLC is a limited liability company organized pursuant to the laws of the State of Florida whose principal Member is Emmanuel Gazmey, a resident of Florida artistically known as Anuel AA (hereinafter "RHLM"). RHLM postal address is as follows: 18555 Collins Ave. Sunny Isles Beach, FL 33160.

5. The Defendant, Jose Manuel Baeza, is an individual, citizen of the United States and resident of Puerto Rico. He is included in this Verified Complaint individually and as a Member of the Conjugal Partnership composed by Defendant Baeza and his wife Defendant Alejandra Victoria Delgado Colon. Defendant Baeza's postal address is as follows: Marginal Ave. Kennedy k.m. 3.2 Sector Bechara San Juan, Puerto Rico, San Juan, Puerto Rico.

6. Codefendant Alejandra Victoria Delgado Colon is the wife of Jose Manuel Baeza and is included personally and as part of the Conjugal Partnership composed by Jose Manuel Baeza and Alejandra Victoria Delgado Colon (the Conjugal Partnership).

7. John Doe, Jane Doe, XYZ Insurers, XYZ Basketball League, are unknown defendants and/or individuals who have improperly participated in the illicit conduct described herein that are required to compensate RHLM for their actions and/or omissions.

8. The term "DEFENDANTS" includes Jose Manuel Baeza, the Conjugal Partnership composed by Jose Manuel Baeza and Alejandra Victoria Delgado Colon, and all unknown defendants mentioned in the above paragraph no. 7.

### III. NATURE OF ACTION

This action arises out of **the DEFENDANT'S** breach of his contractual duties with **PLAINTIFF**, principally as it pertains to applicable legal safeguards in the scope of a Conditioned Asset Purchase Agreement, as amended, between RHLM and Mr. Baeza. Pursuant to the Conditioned Asset Purchase Agreement, as amended, RHLM sold the assets of the Baloncesto Superior Nacional (hereinafter BSN)'s Capitanes de Arecibo Franchise to Defendant Baeza ("the Agreement"). **DEFENDANTS** breached the Agreement by his failure to pay no less than $412,848.00 of the consideration agreed to be paid to RHLM for the assets of the Capitanes de Arecibo's basketball franchise. Furthermore, this action also arises out of the unjust enrichment of Defendant Baeza and/or Defendants regarding certain assets kept by Defendant Baeza and/or Defendants that were obtained with RHLM's funds for the benefit of Capitanes de Arecibo through fraudulent misrepresentations.

## IV. FACTS COMMON TO ALL CAUSES OF ACTION

1. On June 6, 2021, RHLM acquired from Dr. Luis R. Monrouzeau the assets of BSN's basketball franchise known as Los Capitanes de Arecibo and the right to operate the franchise ("the Purchase Agreement"). *See Exhibit 2.*

2. The Purchase Agreement was executed by Frabian Eli Carrion and Emmanuel Gazmey on behalf of RHLM.

3. According to Article 4.4 of BSN's bylaws only natural persons can operate a BSN's franchise.

4. According to BSN's bylaws the operator of the franchise cannot be an ex-convict.

5. Frabian Eli Carrion was designated as Los Capitanes de Arecibo's franchise operator since Emmanuel Gazmey is a federal ex-convict.

6. Pursuant to Article 4.4 of BSN's bylaws Frabian Eli Carrion as franchise operator was entitled to dispose of the rights to operate Los Capitanes de Arecibo without RHLM and/or Emmanuel Gazmey's approval.

7. However, BSN's approval of a new franchise operator is required by BSN's bylaws.

8. On June 16, 2021, Frabian Eli Carrion organized Capitanes de Arecibo Basketball Club LLC in Puerto Rico ("Capitanes LLC"). Emmanuel Gazmey nor RHLM never had any equity's or membership interest's in Capitanes LLC.

9. Since inception, unbeknownst to Emmanuel Gazmey all income generated by Capitanes de Arecibo was deposited at Capitanes LLC's Banco Popular checking bank account located in San Juan, Puerto Rico ("the Banco Popular account").

10. Unbeknownst to Emmanuel Gazmey substantial disbursements to cover Capitanes de Arecibo's operating expenses and assets acquisitions were syphoned from RHLM's Chase bank account in Miami, Florida.

11. On or about October 2022, a meeting was held in Prado Law Offices to discuss the Capitanes de Arecibo outstanding operating liabilities between the President of BSN, CPA Ricardo Dalmau, the President of BSN's Players Association, Ricardo Carillo, Esq., BSN's Tournament Director, José M. Couto-Llinas, Esq. and the undersigned on behalf of RHLM.

12. In said meeting it was agreed that BSN was going to assist in the sale of Capitanes de Arecibo to the highest bidder and that once the outstanding debts were liquidated the difference between the purchase price consideration and the outstanding debt will be release to RHLM (the "Net Proceeds").

13. On November 11, 2022, unbeknownst to RHLM and the undersigned, Frabian Eli Carrion and Defendant Baeza executed a Conditioned Purchase Agreement in which Defendant Baeza acquired the rights to operate the Capitanes de Arecibo franchise and acquire its assets for a purchase price of 1.1 million dollars to be deposited in an escrow account out of which Capitanes de Arecibo outstanding debts were going to be paid and the remaining balance (the "Net Proceeds") was supposed to be paid out to the Sellers. ("the Conditioned Purchase Agreement") *See Exhibit 3.*

14. Frabian Eli Carrion, Francisco Ramos and Angel Garcia were the only signatories in the Banco Popular account referred to in Paragraph 9 of this Verified Complaint.

15. Angel Garcia since inception up until the filing of this Complaint is the General Manager of Capitanes de Arecibo. Angel Garcia is not an agent, official or Member of RHLM.

16. Francisco Ramos since inception up until the filing of this Complaint is not an agent, official or Member of RHLM.

17. Frabian Eli Carrion was the manager of Emmanuel Gazmey and had limited powers with regards to RHLM and its bank accounts.

18. Upon learning that the Conditioned Purchase Agreement was secretively executed without RHLM's approval or knowledge, RHLM diligently exercise its rights as rightful owner of the Capitanes de Arecibo's assets immediately notifying Defendant Baeza through counsel and BSN's officials that the Conditioned Purchase Agreement was void without RHLM ratification. *See Exhibit 4.*

19. As a result, on December 12, 2022, RHLM and Defendant Baeza entered into a Ratification of Conditioned Asset Purchase Agreement and Amendment of Terms ("the Conditioned Asset Purchase Amendments"). *See Exhibit 5*.

20. Pursuant to paragraph 4 and 6 of the Conditioned Asset Purchase Amendments RHLM's preserve the right to dispute the alleged liabilities disclosed in the Conditioned Purchase Agreement. *See Exhibit 5, par. 4 and 6.*

21. Pursuant to paragraph 5 of the Conditioned Asset Purchase Amendments a new mechanism was created to expedite payments of liabilities and any Net Proceeds remaining after payment of Capitanes de Arecibo approved liabilities. *See Exhibit 5 par. 5.*

22. The intention of Defendant Baeza, RHLM and BSN's officials was to finalize the Conditioned Asset Purchase Amendments transaction prior to the 2023 BSN's season scheduled to begin in March 2023. In other words, the intention of the parties was for Defendant Baeza to finalize payment of Capitanes de Arecibo's approved accrued

liabilities as well as the payment of the Net Proceeds to RHLM prior to the beginning of the new BSN's season of 2023.

23. However, although as of today the Conditioned Asset Purchase Amendments transaction was not consummated in its entirety, BSN approved Defendant Baeza as the new franchise operator as well as the participation of Capitanes de Arecibo in its 2023 basketball season.

24. As of today, contrary to the provisions of paragraph 5 of the Conditioned Asset Purchase Amendments BSN's Basketball Players Association nor RHLM received the Net Proceeds, which upon information and belief, amounts to no less than $412,848.00.

25. Although Angel Garcia (past and current general manager of Capitanes de Arecibo), Ricardo Carrillo, Esq. (President of BSN Basketball Association), and RHLM agreed to maintain the balance of the Banco Popular Account to pay accrued sales taxes owed to the Puerto Rico Department of Treasury, Codefendant Baeza instructed Angel Garcia to withdraw the remaining balance of said account. The remaining balance of the Banco Popular Account withdrawn illegally by Defendant Baeza amounted to no less than $60,187.00.

26. On or about November 11, 2022, RHLM filed a counterclaim in the civil case 2022-016738-CA-01 in Miami, Florida against ex manager Frabian Eli Carrion claiming embezzlement, fraud, and mishandling of RHLM's bank account alleging multiple of unauthorized cash disbursements amounting to millions of dollars. *See Exhibit 6.*

27. After the Conditioned Asset Purchase Amendments were executed and as a result of a forensic accounting investigation, documentary evidence and Mr. Jose Gazmey's meeting with RHLM's production manager, Willy Cortes. it was determined that no less than

$441,214 were disbursed in a scheme to defraud RHLM of the true nature of said unauthorized disbursements ("the disbursements"). The disbursements were disguised as tour expenses when in reality it was for the acquisition of equipment to be used in Capitanes de Arecibo basketball court.

28. Upon information and belief, Defendant Baeza and/or the Municipality of Arecibo currently control and/or possess said equipment.

29. Upon information and belief, BSN 2024's basketball season is scheduled to begin on March 2024.

30. Upon information and belief, BSN's board of franchise operators approved Defendant Baeza as a permanent franchise operator of Capitanes de Arecibo despite the Conditioned Asset Purchase Amendments was only partially completed and the Net Proceeds had not yet being paid to RHLM.

31. President of BSN, CPA Ricardo Dalmau, the President of BSN's Players Association, Ricardo Carillo, Esq. and BSN's Tournament Director, José M. Couto-Llinas, Esq are all aware of the facts set forth herein.

32. As of today, Defendant Baeza refuses to pay to RHLM the Net Proceeds owed to RHLM pursuant to the Conditioned Asset Purchase Amendments.

33. As of today, Defendant Baeza refuses to return those assets listed on *Exhibit 7* owned by RHLM that were not sold pursuant to the Conditioned Asset Purchase Amendments.

## V. FIRST CLAIM FOR RELIEF AGAINST CODEFENDANTS

*BREACH OF CONTRACT UNDER THE PUERTO RICO CIVIL CODE*

34. **PLAINTIFF** incorporates all of the allegations that precede this paragraph, as if fully

recited herein.

35. The previously mentioned acts by **DEFENDANT BAEZA and/or DEFENDANTS** constitute breach of contract under Articles 1054 and 1230 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 3451 and 3018.

36. The Conjugal Partnership benefited from the acts that constituted the breach of contract.

37. As a result of such acts in breach of contract, **DEFENDANT BAEZA and/or DEFENDANTS** owe **PLAINTIFF** no less than $412,848 plus costs and interests, and legal fees.

## VII. SECOND CLAIM FOR RELIEF AGAINST DEFENDANT

*Detinue of Assets to RHLM*

38. **PLAINTIFF** incorporates all of the allegations that precede this paragraph, as if fully recited herein.

39. Prior to the approval and execution of the Conditioned Asset Purchase Amendments Plaintiff was unaware that the assets described in *Exhibit 7* existed and were acquired by RHLM.

40. **PLAINTIFF** is entitled to the return of those assets listed on *Exhibit 7*, or its fair market value, which were acquired by RHLM through fraudulent misrepresentations and/or unauthorized disbursements and that upon information and belief, are under the control and possession of Defendant Baeza and the Conjugal Partnership pursuant to 32 L.P.R.A. §§ 2822. See Defendini Collazo v. Commonwealth Et Al, 134 DPR 28, (1993); 199 PR Sup. Lexis 270.

## VI. THIRD CLAIM FOR RELIEF AGAINST DEFENDANT

*IN THE ALTERNATIVE TO CONTRACTUAL DAMAGES, UNJUST ENRICHMENT*

41. **PLAINTIFF** incorporates all of the allegations that precede this paragraph, as if fully recited herein.

42. **PLAINTIFF** suffered extensive monetary damages as a result of his dealings with **DEFENDANT BAEZA.**

43. **DEFENDANT BAEZA and/or DEFENDANTS** willful and malicious acts are the proximate cause of **PLAINTIFF's** extensive monetary damages.

44. Should this Honorable Court make a finding that any one specific, some, or all claims set in the preceding paragraphs are not encompassed by valid claims for contractual damages or any other claim for compensation detailed herein, the **PLAINTIFF** does make claim that **DEFENDANT BAEZA and/or DEFENDANTS** are liable to RHLM due to the unjust enrichment of the **DEFENDANTS**. Mun. lty of Cayey v. Soto Santiago, 131 P.R. Dec. 304 (1992).

45. As a result of **DEFENDANT BAEZA actions DEFENDANT BAEZA and/or DEFENDANTS** stand to be liable for an amount which cannot be ascertained as of this date but shall be specifically alleged as litigation progresses.

## VII. FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT

*PLAINTIFF REQUESTS THE APPOINTMENT OF A RECEIVER FOR CAPITANES DE ARECIBO PURSUANT TO FED. R. CIV. PRO. 66*

46. Plaintiff incorporates the allegations in paragraphs 1 through 40 as if fully set forth herein.

47. Plaintiff has a valid claim of breach of contract against **DEFENDANT BAEZA and/or DEFENDANTS** and his unlawful operation of the Capitanes de Arecibo without payment of the Net Proceeds to **RHLM**.

48. **RHLM** has valid allegations that **DEFENDANT BAEZA and/or DEFENDANTS** is operating Capitanes de Arecibo with the assets of **RHLM** without full satisfaction of the Net Proceeds. Moreover, **RHLM** has also valid allegations that **DEFENDANT BAEZA and/or DEFENDANTS** have kept RHML's assets that were not intended to be acquired by **DEFENDANT BAEZA and/or DEFENDANTS** as set forth in *Exhibit 7*.

49. There is a high probability that **DEFENDANT BAEZA and/or DEFENDANTS** will dispose of, transact, or encumber the Capitanes de Arecibo's assets and/or those listed on *Exhibit 7* without RHLM approval.

50. If the Court fails to appoint a receiver, **DEFENDANT BAEZA and/or DEFENDANTS** will continue to act in a way that will irreparably harm Capitanes de Arecibo's including but not limited to the dissipation of assets.

51. The typical legal remedies available to Plaintiff, such as damages and recission, are inadequate to address the imminent threat to Capitanes de Arecibo's and RHLM's assets possessed by **DEFENDANT BAEZA and/or DEFENDANTS.**

52. There is no less drastic equitable remedy that will ensure Capitanes de Arecibo and/or RHLM are not irreparably harmed by **DEFENDANT BAEZA and/or DEFENDANTS** conduct.

53. The appointment of a receiver will do more good than harm to Capitanes de Arecibo affairs and RHLM, as it will ensure that a properly appointed individual, with RHLM and Defendant Baeza's best interests in mind, will steward the Capitanes de Arecibo's

operations until such a time as the person with proper authority to act on Capitanes de Arecibo's behalf is determined by this Honorable Court.

54. Plaintiff requests the Court to appoint a temporary Receiver to manage Capitanes de Arecibo's affairs and its assets until such time as the matter of who constitutes the rightful franchise operator and which assets where actually purchase by **DEFENDANT BAEZA and/or DEFENDANTS is decided**.

## VIII. TRIAL BY JURY

55. **PLAINTIFF** demands trial by jury.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, **PLAINTIFF** demands judgment as follows:

(1) Awarding Plaintiff damages for Defendant's Breach of Contract Under the Puerto Rico Civil Code for no less than $412,848.00.

(2) Detinue of Assets to RHLM listed on Exhibit 7 or compensation amounting to the fair market value of the assets.

(3) In the alternative, awarding Plaintiff damages for the Defendant's Unjust Enrichment for no less than $412,848.00.

(4) Appointment of a receiver for Capitanes De Arecibo pursuant to FED. R. CIV. PRO. 66.

(5) Awarding Plaintiff costs, reasonable attorneys and investigatory fees and expenses, together with prejudgment interest, under the provisions of Rule 44 of Puerto Rico's Rules of Civil Procedure, 32 L.P.R.A. Ap. V R. 44 and § 1117 of the Lanham Act.

(6) Any other ruling this Honorable Court deems fitting.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this February 14, 2024.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/RCF system.

**s/ EDWIN PRADO GALARZA**

USDCPR NO. 208804
PRADO NUNEZ & ASSOCIATES, P.S.C.
Del Parque Street 403
8th Floor
San Juan, PR 00912
pradolaw10@gmail.com
T: (787)977-1411